Bryan ROMANS, Appellant,

v.

J. W. BROOKS, Jailer, Butler County, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 9, 1982.

Supreme Court Order Dismissing Motion for Discretionary Review (Per Motion of Appellant)

Sept. 14, 1982.

William E. Rueff, Jr. & Associates, Morgantown, Jack E. Farley, Public Advocate, JoAnne Yanish, Asst. Public Advocate, Frankfort, for appellant.

Walter Chyle, Jr., Morgantown, Steven Beshear, Atty. Gen., Penny Warren, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and VANCE, and GANT, JJ.

GANT, Judge.

This is an appeal from the dismissal of appellant's petition for writ of habeas corpus.

Appellant was indicted in the Butler Circuit Court on charges of trafficking in cocaine and trafficking in marijuana. He pled guilty to trafficking in cocaine, at which time one charge of trafficking in marijuana was dismissed and a second charge of trafficking in marijuana was remanded to the Butler District Court for further disposition. After pleading guilty to the charge in district court, appellant sought probation in both courts.

On September 11, 1981, the circuit court denied appellant's request for probation and sentenced him to five years' imprisonment.

Approximately one month later, his motion for probation was denied by the district court which sentenced appellant to twelve months to be served consecutively with the circuit court sentence. The circuit court granted appellant shock probation on October 27, 1981, and ordered him released from custody. The district court subsequently refused to reconsider the sentence on the misdemeanor charge and ordered appellant to commence serving the sentence imposed.

The circuit court denied appellant's petition for writ of habeas corpus on the ground that shock probation did not constitute "service of a sentence as contemplated by KRS 532.110." From that order, appellant prosecutes this appeal.

KRS 532.110(1) provides that when multiple sentences are imposed for commission of more than one crime, such multiple sentences may run concurrently or consecutively as the court shall determine, except that:

A definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term; . . . .

An indeterminate sentence is defined in the statutes as a sentence of imprisonment for a felony and a definite term of imprisonment is defined as a sentence for a misdemeanor.

Appellant advances two arguments in support of his petition: (1) that the statute requires his felony and misdemeanor sentences to run concurrently; and (2) that the grant of shock probation on the felony charge has satisfied both sentences. We totally agree that the statute requires the sentences to run concurrently, and appellant should be given credit on his misdemeanor term for the time served on the felony conviction. We cannot, however, accept the proposition that shock probation constitutes service of a sentence as envisioned by KRS 532.110. This interpretation of the statute finds support in KRS 533.-040(3) which provides in part:

A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless such sentence of probation or conditional discharge is revoked.

In our opinion, the trial court properly required appellant to serve the remainder of his misdemeanor sentence subject to receipt of credit for time served on the felony term.

The judgment of the Butler Circuit Court is affirmed.

All concur.